MITCHELL OFFSET PLATE SERVICE, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

SAM WEISS AND BEATRICE WEISS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5835–67, 5836–67. Filed November 12, 1969.

*Arthur Pelikow,* for the petitioners.
*William F. Chapman,* for the respondent.

FEATHERSTON, *Judge:* Respondent determined deficiencies in petitioners' income tax and additions to tax as follows:

MITCHELL OFFSET PLATE SERVICE, INC.—DOCKET No. 5835–67

| TYE Mar. 31— | Deficiency | Addition to tax, sec. 6653(a) [1] |
|---|---|---|
| 1963 | $13, 460. 28 | $673. 01 |
| 1964 | 14, 204. 48 | 710. 22 |

SAM WEISS AND BEATRICE WEISS—DOCKET No. 5836–67

| Year | Deficiency |
|---|---|
| 1962 | $11, 048. 54 |
| 1963 | 13, 855. 92 |

The issues presented for decision are:

(1) Whether Mitchell Offset Plate Service, Inc. (hereinafter referred to as Mitchell), was a subchapter S corporation during the taxable years ending March 31, 1963, and March 31, 1964. The resolution of this issue turns on the question whether Mitchell timely filed an election and consents of its shareholders to be treated as a small business corporation in accordance with the provisions of section 1372, and

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

(2) Whether petitioners Sam and Beatrice Weiss received constructive dividend income from Mitchell in the amounts of $22,690.01 in 1962 and $29,818.80 in 1963.

By stipulation the parties have agreed that the addition to tax under section 6653(a) shall apply to the total deficiency, if any, determined against Mitchell.

## FINDINGS OF FACT

Mitchell, a New York corporation, had its principal place of business at 120 East 13th Street, New York, N.Y., at the time its petition was filed. It filed its Form 1120–S income tax returns for the taxable years ending March 31, 1963, and March 31, 1964, with the district director of internal revenue, Manhattan District, New York, N.Y.

Sam Weiss (sometimes hereinafter referred to as Weiss) and Beatrice Weiss, husband and wife, were legal residents of Forest Hills, N.Y., at the time of filing their petition. They filed joint income tax returns for 1962 with the district director of internal revenue, Brooklyn District, New York, N.Y., and for 1963 with the district director of internal revenue, Manhattan District, New York, N.Y.

In early 1959 Weiss, who was then employed as a foreman in charge of offset plate making, decided to organize a corporation to engage in that business. He was advised by an accountant, Sidney Lieppe, that having the proposed corporation elect to be treated as a small business corporation under subchapter S would be to his advantage. Lieppe introduced Weiss to an attorney, Wallace Sturm, who also recommended the creation of a subchapter S corporation. Weiss retained both Lieppe and Sturm to assist him in organizing the corporation and in qualifying it under subchapter S.

The corporation (Mitchell) was incorporated on April 13, 1959. The original stockholders were Weiss and Edward D. Flynn; each was issued 50 shares of stock in Mitchell. Due to illness, however, Flynn withdrew from Mitchell shortly after it was created. Mitchell's stock transfer ledger shows that Flynn's shares of stock were canceled as of May 1, 1959, and transferred to Sturm, in escrow for Weiss. Thus Weiss was Mitchell's sole shareholder as of May 1, 1959.

Sturm held a degree of master of laws in taxation and was engaged primarily in the practice of tax law. Subchapter S had been enacted on September 2, 1958, and during late 1958 and early 1959 he assisted some 30 corporations to qualify under its provisions. As part of his practice he maintained a calendar system to remind him of the filing dates of the several papers required to organize and qualify a corporation under subchapter S. In conjunction with his calendar system he also would "double check" with his clients or their representatives to see that all required papers had been prepared and filed on time.

On May 1, 1959, Mitchell's shareholder formally resolved that Mitchell elect under sections 1371–1377 not to be subject to the income tax. With Sturm's assistance Lieppe prepared the election, Form 2553, and the letter of consent to be signed by Mitchell's shareholder. Weiss signed the Form 2553 on behalf of the corporation and executed the requisite shareholder's consent to the election. Between May 1 and May 10, 1959, Lieppe placed the signed Form 2553 and the executed consent in a stamped envelope, addressed to the district director of internal revenue at 484 Lexington Avenue, New York, N.Y., and deposited the envelope in a mailbox in the vicinity of Mitchell's office.

On July 27, 1959, 24 shares of Mitchell stock were issued each to Eugenie Weiss and Mitchell Weiss, the minor children of Sam and Beatrice. Letters consenting to the corporation's subchapter S election, to be signed by Beatrice as guardian for the children, were prepared by Lieppe following a telephone conversation with Sturm as to their contents. Lieppe placed the letters in a stamped envelope addressed to the district director of internal revenue, 484 Lexington Avenue, New York, N.Y., and gave the envelope to Weiss. Weiss took the consent letters home with him and had Beatrice sign them on behalf of the children. He then placed the signed consents in the envelope supplied to him by Lieppe and, on the same date, deposited the envelope in a mailbox near his home.

Lieppe was unable to complete Mitchell's first income tax return (Form 1120–S for the period April 13, 1959, to March 31, 1960) by the date it was due to be filed. He therefore submitted an application for an extension of time within which to file the return, and the extension was granted. Subsequently, he filed a completed return, to which he attached the form granting the extension and a copy of Mitchell's subchapter S election together with its shareholders' consents.

In 1965 and again in 1966, in connection with an audit of Mitchell's tax returns for the fiscal years ending March 31, 1963 and 1964, the files in the Manhattan District Director's Office were searched in efforts to locate Mitchell's subchapter S election and the consents of its shareholders. The documents were not found. Shortly before the trial, and after petitioners' counsel had made demand on respondent's counsel for production of these documents, employees of the Internal Revenue Service searched for them (and for Mitchell's Form 1120–S income tax return for its first fiscal year, ending March 31, 1960) in the files of the Federal Records Center for the Manhattan District, the audit section of the Manhattan District Director's Office, and the Internal Revenue Service Center at Andover, Mass. Again, these papers were not located.

Prior to the latter part of 1959, what is presently the Manhattan District was divided into two segments. These two segments were

merged in late 1959, subsequent to the dates Mitchell's election and consents were filed. In September 1968 the records of the Manhattan District relating to filed subchapter S elections were transferred to the service center in Andover. These records are presently arranged on an alphabetical basis, without regard to the years in which the elections are filed.

During the course of the various searches described above no effort was ever made to locate a regular corporation income tax return, Form 1120, for Mitchell for the fiscal years ending March 31, 1960, or March 31, 1961, and no such return was ever uncovered. Nor was any search ever made for the income tax returns of Mitchell's shareholders, Sam, Eugenie, and Mitchell Weiss, for the years prior to those in issue.

In the notice of deficiency to Mitchell respondent determined that Mitchell had not qualified as a subchapter S corporation, and that it was therefore subject to corporate income tax for the fiscal years ending March 31, 1963, and March 31, 1964. In the deficiency notice to Sam and Beatrice Weiss respondent determined that "distributions which Sam Weiss received from Mitchell Offset Plate Service, Inc., in 1962 and 1963 are taxable as dividend income" and that portions of the deductions claimed by them as contributions for the years 1962 and 1963 were not allowable for lack of substantiation.

### ULTIMATE FINDINGS OF FACT

Mitchell filed an election to be treated as a small business corporation, Form 2553, during the first month of its first taxable year.

The shareholder of Mitchell at the time of its election filed a timely consent thereto, and consents on behalf of Eugenie and Mitchell Weiss were filed within 30 days after July 27, 1959, the date they became shareholders in Mitchell.

Mitchell filed a Form 1120-S, U.S. Small Business Corporation Return of Income, for the fiscal year ending March 31, 1960, to which copies of the election and consents of shareholders were attached.

### OPINION

An election under subchapter S not to be subject to Federal income taxes "may be made by a small business corporation for any taxable year at any time during the first month of such taxable year." Sec. 1372(c)(1). The election will be effective only if the following requirements are met: (1) The election, Form 2553, must be "filed" with the Internal Revenue Service within the time period prescribed above, sec. 1.1372-2(a) and (b), Income Tax Regs.; (2) all shareholders in the corporation must consent to the election, sec. 1372(a)(1); and (3)

the consents must be filed "on or before the last day prescribed for making the election." Sec. 1.1372–3(a), Income Tax Regs. Furthermore, when there is a change in stock ownership, the election will terminate unless each new shareholder files a consent to the election "within the period of 30 days beginning with the day on which such person becomes a new shareholder." Sec. 1.1372–3(b), Income Tax Regs.

In the case of the corporate petitioner Mitchell, two purely factual issues are presented: (1) Whether Mitchell, which was incorporated on April 13, 1959, filed with the Internal Revenue Service before May 13, 1959, a subchapter S election and the requisite shareholders' consents; and (2) whether the consents on behalf of Eugenie and Mitchell Weiss, the minor children of Sam and Beatrice, to each of whom shares of Mitchell stock were transferred on July 27, 1959, were filed with the Internal Revenue Service on or before August 25, 1959. It is not denied that if the above documents were timely filed, Mitchell is taxable as a subchapter S corporation.

No question was apparently ever raised with respect to Mitchell's status as a subchapter S corporation for its fiscal years ending March 31, 1960, March 31, 1961, or March 31, 1962, which immediately preceded the years in controversy. Nevertheless, in view of the determination in the notice of deficiency,[2] the burden of proof rested with Mitchell. Rule 32, Tax Court Rules of Practice. We hold that it has carried that burden.

Prior to Mitchell's incorporation on April 13, 1959, an accountant and an attorney had advised Weiss that Mitchell should make an election to be taxed under subchapter S. The attorney, who had assisted many corporations to make such elections, testified that he maintained a calendar system to assure that each required step in electing subchapter S was performed on time. In addition to keeping such a timetable he conferred by telephone with the accountant on the wording of the election and consents to be filed by Mitchell and its shareholders.

The accountant testified that he prepared the election and consent form, had them signed, placed them in a properly addressed, stamped envelope, and deposited them in the mails, before May 10, 1959. This testimony was corroborated by Weiss, who signed the forms. The

[2] The notice of deficiency contained the following general statement:
"It has been determined that you do not qualify as a Small Business Corporation as provided in Sections 1371 and 1372 of the Internal Revenue Code of 1954 and the regulations promulgated thereunder and are therefore subject to the tax imposed by Section 11 of the Internal Revenue Code of 1954."
However, petitioner's counsel stated that "from the course of trial preparations and from various conferences, we know that it is Respondent's position that Mitchell Offset did not file an election under Section 1372A, and also that the various consents of the various shareholders were similarly not filed."

accountant also testified that he timely prepared the consent forms after the stock was transferred to the children in July 1959, and gave them to Weiss for signature and mailing. Sam and Beatrice both testified that she signed such consents, as guardian of the children, in the evening of the same day, and that Weiss immediately placed them in a properly addressed, stamped envelope and deposited them in the mails. This testimony gives rise to a "strong presumption of delivery," *Jones* v. *United States*, 226 F. 2d 24, 27 (C.A. 9, 1955) ; *Rosengarten* v. *United States*, 181 F. Supp. 275, 277 (Ct. Cl. 1960), which calls for an ultimate finding that the documents were "filed" as required by the regulations above.

Respondent's evidence—negative, at best—that a search of the various files maintained by the Internal Revenue Service failed to disclose any record of the election and consent forms is not, in our view, sufficient to overcome the presumption of delivery. Subchapter S was enacted on September 2, 1958, and the procedures for maintaining files on elections and consents under that enactment were still new in May 1959. Mitchell's election and the consents of its shareholders were mailed to the Office of the Director for the Lower Manhattan District. Within a year thereafter the files of that District were consolidated with those of the Upper Manhattan District. In September 1968 these files were transferred to the service center in Andover, Mass. Yet, from the testimony presented it appears that no effort was made by anyone to locate the consent and election forms—except requests to a file-room employee who was not called as a witness—until shortly before the trial, i.e., after the various transfers of the pertinent files. Furthermore, no search was ever made to locate the individual returns for 1959, 1960, or 1961 of Sam and Beatrice Weiss or of their children, Eugenie and Mitchell Weiss, to ascertain whether the forms had mistakenly become attached to one of those returns. Nor was any explanation given for the failure to question the timeliness of the subchapter S election and consents in one of the earlier years.

We think the record, considered as a whole, supports our ultimate findings of fact that Mitchell's election and the consents of its shareholders were timely filed. It follows that Mitchell qualified as a subchapter S corporation during the taxable years ending March 31, 1963, and March 31, 1964.

In the notice of deficiency to the individual petitioners respondent determined that they had received constructive dividend income and that certain deductions for contributions were not allowable. In their reply brief petitioners concede that if Mitchell is a valid subchapter S corporation for its taxable years ending March 31, 1963, and March 31, 1964, then the sums determined by respondent to be con-

structive dividends are taxable to them. Petitioners offered no evidence to substantiate the claimed deductions for charitable contributions.

> *Decision will be entered for the petitioner in docket No. 5835-67.*
>
> *Decision will be entered under Rule 50 in docket No 5836-67.*

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.