DONALD M. HINER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hiner v. Commissioner
Docket No. 277-91
United States Tax Court
T.C. Memo 1993-608; 1993 Tax Ct. Memo LEXIS 621; 66 T.C.M. (CCH) 1680; December 21, 1993, Filed *621 P had ordinary income and capital gain in 1987. P also prematurely withdrew money from an IRA account. Taxes were withheld from P's income. P paid estimated tax with his timely request for extension of time to file his 1987 tax return. R's tax module did not show receipt of P's 1987 tax return. Held: P did not timely file his 1987 Federal income tax return and is liable for an addition to tax under sec. 6651(a), I.R.C. 1986. Pro Se: Donald M. Hiner. For respondent: Miriam A. Howe. CHABOT
CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioner for 1987 in the amount of $ 29,918, [1] and additions to tax under section 6651(a) (failure to file timely) in the amount of $ 6,968.25, section 6653(a)(1)(A) (negligence, etc.) in the amount of $ 1,495.90, section 6653(a)(1)(B) (negligence, etc.) in the amount of 50 percent of the interest on $ 27,873, and section 6654(a) (failure to pay estimated tax) in the amount of $ 1,325. *622 After concessions by both parties, [2] the issue for decision is whether petitioner is liable for an addition to tax for failure to timely file his Federal income tax return for 1987. *623 FINDINGS OF FACT Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Falls Church, Virginia. In 1987, petitioner earned $ 9,860 in ordinary income; sold rental property and received a capital gain in the amount of $ 42,627; and received $ 9,024 from a distribution from his individual retirement account (hereinafter sometimes referred to as IRA). Petitioner had $ 1,045 in withholding credits and made a $ 1,000 payment when he timely filed a request for an extension of time to file his 1987 Federal income tax return. At the time of the IRA distribution, petitioner was not yet 59 1/2; he did not roll over the IRA distribution within 60 days of its receipt. Petitioner did not use a tax return preparer or accountant to prepare his 1987 tax return. He applied for one extension of time to file his 1987 tax return. He did not recollect when he filed his tax return, nor did he send the tax return by certified mail. Petitioner did not have any record that he filed his tax return. Respondent's tax module shows that petitioner did not file *624 a tax return for 1987, as of the day before the date of the trial. OPINION Petitioner contends that he is not liable for an addition to tax under section 6651(a)(1), because he timely mailed his 1987 tax return to respondent. Respondent contends that petitioner is liable for this addition because petitioner failed to file a timely 1987 tax return. We agree with respondent. An addition to tax under section 6651(a)(1)[3] is imposed in case of a failure to file a timely tax return, unless it is shown that that failure is due to reasonable cause and not due to willful neglect. Petitioner has the burden of proving error in respondent's determination that such an addition to tax should be imposed against him. Funk v. Commissioner, 687 F.2d 264, 266 (8th Cir. 1982), affg. T.C. Memo. 1981-506; Ehrlich v. Commissioner31 T.C. 536, 540 (1958). *625 Petitioner did not offer any direct evidence of filing his 1987 tax return. In support of his claim that he filed the 1987 tax return, petitioner testified about his practice of preparing and filing his tax returns, and his belief that he had timely filed the 1987 tax return. When a taxpayer cannot provide any documentary evidence that he or she filed a tax return or election and respondent's records do not show receipt of the document in question, we have accepted the credible testimony of witnesses to the preparation and mailing of the document. See Estate of Wood v. Commissioner, 92 T.C. 793, 796, 798 (1989), affd. 909 F.2d 1155 (8th Cir. 1990) (testimony of postmistress who affixed postmark); Mitchell Offset Plate Service, Inc. v. Commissioner, 53 T.C. 235, 239-240 (1969) (testimony of corporation's shareholders and its accountants). In the instant case, petitioner's testimony falls short of satisfying his burden. Petitioner offered no details corroborating the mailing, receipt, or even existence of his 1987 tax return. Petitioner could not produce a retained copy of his 1987 tax return. *626 Petitioner testified that his secretary helped him to prepare his 1987 tax return; petitioner's secretary did not testify. Proof of mailing requires some proof that the return was placed in an envelope that was properly addressed, stamped, and placed in the mail. Petitioner could not testify to any of those specific actions. Testimony about petitioner's likely actions, or his habits regarding mailing returns, is not sufficient. Petitioner does not contend, and the evidence in the record does not suggest, that there was reasonable cause for failing to timely file his 1987 tax return. Petitioner does not contend, and the evidence in the record does not suggest, that petitioner is liable for a section 6651(a)(1) addition but in a percentage less than 25 percent. (Compare Feldman v. Commissioner, T.C. Memo. 1991-153, Issue VI. A.) We conclude that petitioner has not carried his burden of proof and that he is liable for the addition to tax under section 6651(a)(1). We realize this result may seem unfair to petitioner and that respondent's records are not infallible. However, the Congress has provided in section 7502(c) that mailing by certified *627 or registered mail creates prima facie evidence of the date of mailing and the fact of delivery. By choosing to not use certified or registered mail, petitioner assumed the risk that the tax return would not be timely delivered to respondent and that petitioner would be unable to prove the date, or even the fact, of mailing. We hold for respondent. In order to give effect to respondent's concessions about petitioner's taxable income, Decision will be entered under Rule 155. Footnotes
1. Of this amount, $ 902 is an additional tax imposed under sec. 72(t) (relating to early distributions from qualified plans); the remainder is tax imposed under sec. 1 or 3. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for the year in issue.↩
2. The parties agree that petitioner's taxable income was about 60 percent of the amount determined in the notice of deficiency. During the trial session, it appeared to the Court that petitioner conceded his liability for additional tax under sec. 72(t), and that he did not dispute his liability for additions to tax under secs. 6653(a) and 6654(a) (except to the extent that the amounts of the additions are to be reduced because the reduction in taxable income leads to a substantial reduction in sec. 1 or 3 income tax). Petitioner's briefs may be interpreted as not conceding these points. Whether we treat these points as having been conceded, or as having been deemed conceded (see subpars. (4) and (5) of Rule 151(e)), or as having been disputed but without evidence (see Rule 142(a)), the result is the same. That is, petitioner is liable for the additional tax under sec. 72(t) and for additions to tax under secs. 6653(a) and 6654(a). The amounts of the additions to tax are to be determined in the Rule 155 computation. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Sec. 6651 provides, in pertinent part, as follows: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩