T.C. Memo. 2000-363

UNITED STATES TAX COURT

JOHN J. PETITO, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3277-00.                    Filed November 29, 2000.

John J. Petito, pro se.

<u>Melinda G. Williams</u> and <u>Ronald Buch</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case is before
the Court on petitioner's Motion to Reconsider Denial of Motion
to Dismiss.  As explained in detail below, we shall deny
petitioner's motion to reconsider.[1]

---

    [1]  Section references are to the Internal Revenue Code in
effect during the years in issue.  Rule references are to the Tax
Court Rules of Practice and Procedure.

Background

Petitioner, an accountant, is the sole shareholder of an S corporation, John J. Petito C.P.A., P.C. (Petito corporation). On December 29, 1999, respondent issued a notice of deficiency to petitioner determining a deficiency in, an addition to, and an accuracy-related penalty for fraud with respect to his income tax liability for 1992. The deficiency is attributable to respondent's determination that petitioner failed to report income that he earned from Petito corporation.

Petitioner filed a timely petition contesting the notice of deficiency described above. After respondent filed an answer to the petition, petitioner filed a motion to dismiss the case on a variety of grounds, including allegations that the notice of deficiency is frivolous and respondent's agents conducted the audit in a negligent manner. We denied petitioner's motion to dismiss.

Petitioner subsequently filed a motion for reconsideration alleging that the notice of deficiency is invalid on the ground that, prior to issuing a deficiency notice to petitioner, respondent was obliged under secs. 6241-6245 (the unified S corporation audit and litigation procedures) to issue a notice of S corporation administrative adjustment (FSAA) to Petito corporation. Petitioner contends that, although Petito

corporation would normally be excepted from the unified S corporation audit and litigation procedures as a "small S corporation" within the meaning of section 301.6241-1T(c)(2)(ii), Temporary Proceed. & Admin. Regs., 52 Fed. Reg. 3002 (Jan. 30, 1987), Petito corporation made a valid election on its 1986 corporate income tax return to invoke the unified audit and litigation procedures.  See sec. 301.6241-1T(c)(2)(v)(B), Temporary Proceed. & Admin. Regs., supra at 3003.

Respondent filed an objection to petitioner's motion asserting that petitioner had failed to provide any documentary evidence, such as Petito corporation's 1986 income tax return, to support the proposition that Petito corporation made a valid election under section 301.6241-1T(c)(2)(v)(B), Temporary Proceed. & Admin. Regs., supra.  Respondent further argued that, even assuming that Petito corporation made such an election on its 1986 corporate income tax return, respondent should be permitted to rely on Petito corporation's tax return for 1992 on which petitioner failed to check box G which states: "Check this box if this S corp is subject to the consolidated audit procedures of sections 6241 through 6245 (see inst before checking this box)".

Petitioner filed a reply to respondent's objection asserting that respondent already had possession of Petito corporation's 1986 income tax return.  Petitioner further argued that the Court

should reject respondent's alternative argument regarding Petito corporation's tax return for 1992.

This matter was called for hearing at the Court's motions session in Washington, D.C. Petitioner and counsel for respondent appeared at the hearing and offered evidence and argument in respect of the pending motion. During the hearing, petitioner offered as an exhibit a purported copy of Petito corporation's tax return for 1986. The document that petitioner offered lacked a signature, and petitioner had redacted all numerical entries for the purpose of submission of the document as an exhibit. The Court declined to admit the exhibit as evidence. In support of his position that there was no record of Petito corporation's filing of a 1986 return or an election, counsel for respondent offered as an exhibit a certified transcript of account purporting to show that Petito corporation did not file a tax return for 1986. The Court permitted counsel for respondent to withdraw the offer of the exhibit due to questions regarding the scope of the search that was performed in preparing the transcript. Counsel for respondent nevertheless argued that petitioner had the burden of showing that Petito corporation made the requisite election.

Following the hearing, the parties filed a stipulation including as an exhibit (Exhibit 1-P) a copy of Petito

corporation's 1986 tax return purportedly taken from petitioner's records. The signature line on the tax return is blank. Further, although the tax return includes as an attachment a statement that Petito corporation elects to have the unified S corporation audit and litigation procedures apply to it, the signature line under the election is blank. The stipulation states that respondent objects to the admission of the exhibit "on the grounds of relevance and because the exhibit is neither the original nor an exact duplicate thereof." The parties did not stipulate that the tax return was filed with the Internal Revenue Service (IRS).

Discussion

1. Jurisdiction/Section 6241

The Court's jurisdiction is dependent upon a valid notice of deficiency and a timely filed petition for redetermination. See Rule 13(a) and (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Petitioner challenges the validity of the notice of deficiency on the ground that respondent failed to comply with the unified S corporation audit and litigation procedures. See, e.g., Maxwell v. Commissioner, 87 T.C. 783, 789 (1986) (taxpayer may challenge validity of notice of deficiency on the ground that Commissioner

failed to comply with the partnership audit and litigation procedures).

The unified S corporation audit and litigation procedures are set forth in subchapter D of chapter 63 of subtitle F.[2] Section 6241 provides: "Except as otherwise provided in regulations prescribed by the Secretary, the tax treatment of any subchapter S item shall be determined at the corporate level." Eastern States Cas. Agency, Inc. v. Commissioner, 96 T.C. 773, 775 (1991); Dial, USA, Inc. v. Commissioner, 95 T.C. 1, 1-2 (1990). The unified S corporation audit and litigation procedures were intended to promote the consistent treatment of S items among S corporation shareholders. See Allen Family Foods, Inc. v. Commissioner, T.C. Memo. 2000-327; S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729.

Pursuant to the authority granted under section 6241, the Secretary promulgated regulations prescribing exceptions to the unified S corporation audit and litigation procedures. In particular, section 301.6241-1T(c)(2)(ii), Temporary Proceed. & Admin. Regs., supra, provides that the unified S corporation

---

[2] Subchapter D of chapter 63 of subtitle F was codified pursuant to the Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-1692, effective with respect to tax years beginning after Dec. 31, 1982. Secs. 6241-6245 were repealed under the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307 (c)(1), 110 Stat. 1755, effective with respect to tax years beginning after Dec. 31, 1996.

audit and litigation procedures generally are not applicable to a "small S corporation", defined as an S corporation with five or fewer shareholders each of whom is a natural person or an estate.[3]  On the other hand, the regulations permit small S corporations to elect into the unified audit and litigation procedures.  Specifically, section 301.6241-1T(c)(2)(v), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), provides:

> (v) Election to have subchapter D of Chapter 63 Apply--(A) In general.  Notwithstanding paragraph (c)(2)(ii) of this section, a small S corporation may elect to have the provisions of subchapter D of chapter 63 of the Code apply with respect to that corporation.
>
> (B) Method of election.  A small S corporation shall make the election described in paragraph (c)(2)(v)(A) of this section for a taxable year of the corporation by attaching a statement to the corporate return for the first taxable year for which the election is to be effective.  The statement shall be identified as an election under section 301.6241-1T(c)(2)(v)(A), shall be signed by all persons who were shareholders of that corporation at any time during the corporate taxable year to which the return relates, and shall be filed at the time (determined with regard to any extensions of time for filing) and place prescribed for filing the corporate return.
>
> (C) Years covered by election.  The election shall be effective for the taxable year of the corporation to which the return relates and all subsequent taxable

---

[3]  This regulation is effective with respect to S corporation tax returns due on or after Jan. 30, 1987.  See sec. 301.6241-1T(c)(2)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987)

years of the corporation unless revoked with the consent of the Commissioner.

Consistent with the regulation quoted above, the unified S corporation audit and litigation procedures are not applicable to Petito corporation unless petitioner can demonstrate that Petito corporation made a valid election under section 301.6241-1T(c)(2)(v), Temporary Proced. & Admin. Regs., supra.  As the moving party, petitioner bears the burden of proof.  See Pietanza v. Commissioner, 92 T.C. 729, 736 (1989) (citing Southern Cal. Loan Association v. Commissioner, 4 B.T.A. 223 (1926)); Casqueira v. Commissioner, T.C. Memo. 1981-428.

### 2. Admissibility of Exhibit 1-P

As indicated, respondent objects to the admission of Exhibit 1-P (a purported unsigned copy of the 1986 tax return and election retained by Petito corporation) "on the grounds of relevance and because the exhibit is neither the original nor an exact duplicate thereof".

Proceedings in this Court are conducted in accordance with the Federal Rules of Evidence.  See sec. 7453; Rule 143. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  See Fed. R. Evid. 401.  The issue before us is whether

Petito corporation made a timely election.  Petitioner testified that he prepared and filed a timely 1986 tax return and election on behalf of Petito corporation.  Certainly, petitioner is entitled to have the Court consider evidence of a retained copy of the return and election purportedly filed.  We conclude that the document is relevant.  The remainder of respondent's objection--that the exhibit is neither an original nor an exact duplicate--is nonsensical.  Petitioner claims to have filed the return and election with respondent.  It would be entirely consistent with this testimony that petitioner would not have the original return or election in his possession.  Furthermore, petitioner testified that he photocopied the return and election prior to signing the documents.  Thus, respondent's suggestion that the exhibit is not an exact duplicate has no foundation. See Fed. R. Evid. 1001(3) and (4), 1003, and 1004(3).  Exhibit 1-P is relevant and admissible, and respondent's objection is overruled.

### 3. Whether Petito Corporation Made a Valid Election

Based on this record, we are not satisfied that Petito corporation made a valid election to have the unified S corporation audit and litigation procedures apply to it pursuant to section 301.6241-1T(c)(2)(v), Temporary Proced. & Admin. Regs., supra.  The purported copy of Petito corporation's 1986

tax return and election is insufficient to establish that Petito corporation made a timely election. There is no documentary evidence reflecting that the purported 1986 corporate tax return or the purported election attached to the return was ever signed or mailed. Other than petitioner's general statement that he executed the return and election and mailed the documents, the record is devoid of any specific identifiable event relating to a mailing of the tax return to the IRS. Compare, for example, Estate of Wood v. Commissioner, 92 T.C. 793 (1989), affd. 909 F.2d 1155 (8th Cir. 1990), where there was specific identifiable and independent evidence that a tax return was mailed to the IRS; Mitchell Offset Plate Serv., Inc. v. Commissioner, 53 T.C. 235 (1969), where the taxpayer presented specific credible evidence as to the timely filing of an election under S; and Zaretsky v. Commissioner, T.C. Memo. 1967-247, where the Court concluded, after hearing three witnesses, that the taxpayer mailed a valid election and consent to the IRS.

In this case we do not accept petitioner's unsupported self-serving testimony. See Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992). We note that the failure to check the box on Petito corporation's 1992 return (indicating that the corporation is subject to the consolidated audit procedures of sections 6241 through 6245) is consistent with our conclusion

that an election was not filed with the IRS.  Under the circumstances, we hold that respondent was not obliged to issue an FSAA to Petito corporation.  Consequently, the notice of deficiency that respondent issued to petitioner is valid.

We shall deny petitioner's motion to reconsider the Court's order denying petitioner's motion to dismiss.  Petitioner failed to demonstrate that the notice of deficiency in this case is invalid.

To reflect the foregoing,

<u>An order will be issued denying petitioner's Motion To Reconsider Denial of Motion To Dismiss</u>.