T.C. Summary Opinion 2005-18


UNITED STATES TAX COURT


ALBERT JAMES LAWLESS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18393-03S.          Filed February 23, 2005.


Albert James Lawless, pro se.

Sara J. Barkely, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect at the time that the petition was filed.[1]  The decision to

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1998,
the taxable year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  All monetary amounts are
rounded to the nearest dollar.

be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1998 of $25,394, as well as an addition to tax under section 6651(a)(1) of $5,117, an addition to tax under section 6651(a)(2) of $5,686, and an addition to tax under section 6654 of $1,147.

After concessions by the parties,[2] the issues for decision are: (1) Whether the statute of limitations bars the assessment of the deficiency; if the statute of limitations is not a bar, (2) whether petitioner is liable for the addition to tax for failure to timely file under section 6651(a)(1).[3]

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

---

[2] Respondent concedes the additions to tax under secs. 6651(a)(2) and 6654. Petitioner concedes certain adjustments in the notice of deficiency; specifically, that he received the following items of income: (1) Wages of $24,906; (2) interest income of $1,367; and (3) dividends of $5,744. The parties agree that petitioner received a taxable distribution from his individual retirement account in the amount of $23,968, rather than $54,290, as determined in the notice of deficiency.

[3] In the notice of deficiency, respondent determined that petitioner failed to report capital gains of $1,641. Petitioner did not raise this issue in his pleadings, nor did he address it at trial. Accordingly, this issue is deemed conceded by petitioner. Rules 34(b)(4), 142(a).

At the time that the petition was filed, petitioner resided in Boulder, Colorado.

For the taxable year 1998, petitioner received an extension of time to file his Federal income tax return (return) by August 15, 1999. Petitioner did not file a return by that date.

On December 9, 2002, respondent prepared a substitute return for petitioner's 1998 taxable year after determining that petitioner failed to file a return for 1998. In the spring of 2003, respondent's Memphis Service Center contacted petitioner requesting that he file a 1998 return.

In response, petitioner mailed to respondent a purported copy of his 1998 return, bearing his and his wife's signatures, dated September 3, 1999. On July 10, 2003, respondent's Memphis Service Center received and filed this return as petitioner's 1998 return. On the return, petitioner claimed a refund of $87, but he did not receive a refund check, nor did he contact respondent about such refund. On the top of the return, petitioner handwrote, "DO NOT FILE - copy of previous return".

Petitioner filed his individual Colorado State income tax return for 1998 on July 2, 2003.

On August 1, 2003, respondent issued to petitioner a notice of deficiency for 1998.[4]

---

[4] Apparently, respondent issued the notice of deficiency based on the substitute return although respondent's Memphis
(continued...)

Petitioner timely filed with the Court a petition challenging the notice of deficiency. Paragraph 4 of the petition states:

> A copy of my 1998 return was mailed when requested, summer of 2003. Original return was filed 9-3-99. The statute of limitations had expired prior to the request for a copy. Notice of deficiency noted math errors and a balance due.

Discussion

A.   Statute of Limitations

We must first decide whether the statute of limitations bars the assessment of the deficiency in issue. In doing so, we must decide when petitioner filed his return.

Generally, an income tax must be assessed within 3 years after the applicable return is filed (whether or not such return was filed on or after the date prescribed). Sec. 6501(a). The bar of the statute of limitations on assessment is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proving its applicability. Rules 39, 142(a). If the taxpayer makes a prima facie case proving the filing date of his or her income tax return and the expiration of the statutory period prior to the mailing of the notice of deficiency, the burden of going forward with the evidence shifts

---

[4](...continued)
Center had received and filed a copy of petitioner's return on July 10, 2003. Although petitioner and his wife filed a joint return for 1998, respondent mailed the notice of deficiency only to petitioner.

to respondent.  <u>Robinson v. Commissioner</u>, 57 T.C. 735, 737 (1972).  The burden of proof, i.e., the burden of ultimate persuasion, however, always remains with the party who pleads that the assessment is barred by the statute of limitations. <u>Adler v. Commissioner</u>, 85 T.C. 535, 540 (1985).

Petitioner contends that he filed his return on September 3, 1999, and that the period of limitations ordinarily would have expired on September 3, 2002.  Petitioner testified at trial that, as a matter of personal habit, on the night he completes a return, he signs and dates it, he has his wife sign and date it, he makes a copy of it at the copy store, and then mails it at the local post office.  With regard to his 1998 return, petitioner asserts that he and his wife signed it on September 3, 1999, that he made a copy of it, and that he mailed it at the local post office by regular mail on the same day.  Petitioner further asserts that he learned that respondent did not receive his return only when respondent's Memphis Service Center contacted him in the spring of 2003, at which time petitioner mailed respondent a copy of his return.[5]  In contrast, respondent's records show that respondent first received and filed petitioner's 1998 return on July 10, 2003.

---

[5]  We find it remarkable that petitioner never contacted respondent regarding the refund he claimed on the return allegedly submitted in September 1999.

Under certain circumstances, this Court may accept the credible testimony of witnesses regarding the preparation and mailing of a tax return when the Commissioner's records do not show receipt of a return and the taxpayer cannot provide any documentary evidence of the filing of such return. See Sorrentino v. IRS, 383 F.3d 1187, 1193-1194 (10th Cir. 2004); Estate of Wood v. Commissioner, 92 T.C. 793, 796-798 (1989) (testimony of postal employee who affixed postmark to return), affd. 909 F.2d 1155 (8th Cir. 1990); Mitchell Offset Plate Serv., Inc. v. Commissioner, 53 T.C. 235, 239-240 (1969) (testimony of corporation's shareholders and its accountants). However, a taxpayer's own testimony concerning his or her habit regarding the preparation and mailing of his or her returns is not sufficient by itself. See Longazel v. Commissioner, T.C. Memo. 1994-487; Duralia v. Commissioner, T.C. Memo. 1994-269.

Based on the entirety of the record, petitioner's testimony does not establish that he filed his return on September 3, 1999. Moreover, the fact that petitioner also did not file his individual Colorado State income tax return until July 2, 2003, suggests that he filed both his Federal and State income tax returns at about the same time. We thus conclude that petitioner failed to carry his burden of proving that he filed his return on September 3, 1999. Rather, based on the evidence adduced, we hold that petitioner filed his 1998 return on July 10, 2003.

Accordingly, the statute of limitations does not bar the assessment of the deficiency at issue.

B.  Addition to Tax

Pursuant to section 6651(a)(1), respondent determined that petitioner is liable for an addition to tax.  Section 6651(a)(1) imposes an addition to tax for the failure to file a return within the period of time prescribed (determined with regard to any extension of time for filing), unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect.

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner, however, does not have the burden to introduce evidence regarding reasonable cause or substantial authority.  Id. at 446-447.  Section 7491(c) applies to examinations commenced after July 22, 1998.

Petitioner had an extension of time to file his return until August 15, 1999.  Petitioner did not file a return by August 15,

1999. Indeed, petitioner testified at trial that he allegedly mailed his return to respondent on September 3, 1999, after the due date as extended. Accordingly, respondent met his burden of production for the section 6651(a)(1) addition to tax.

Petitioner did not present any persuasive evidence that his failure to timely file a return was due to reasonable cause and not due to willful neglect. See Higbee v. Commissioner, supra at 446-447. Accordingly, petitioner is liable for the section 6651(a)(1) addition to tax for 1998.

C. Conclusion

We have considered all of petitioner's arguments, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issues, as well as the parties' concessions,[6]

Decision will be entered

under Rule 155.

---

[6] Presumably, respondent will afford petitioner the applicable joint filing tax rate in recomputing the deficiency. See supra note 4.