ROBERT A. SPANNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spanner v. Commissioner
Docket No. 3812-86.
United States Tax Court
T.C. Memo 1988-435; 1988 Tax Ct. Memo LEXIS 461; 56 T.C.M. (CCH) 150; T.C.M. (RIA) 88435; September 14, 1988. *461 Held, respondent properly determined additions to tax for late filing and late payment under section 6651(a), I.R.C. 1954. Robert A. Spanner, pro se. Marion T. Robus, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined a deficiency in petitioner's 1983 Federal income tax of $ 1,781.78 and increased the previously assessed $ 2,236.60 failure to timely file addition to tax under section 6651(a)(1)[1] by $ 356.35. Petitioner conceded the propriety of the $ 1,781.78 determination, but believes the failure to file additions to be improper. Petitioner also believes that he paid an improperly imposed failure to pay penalty which was assessed prior to the issuance of the statutory notice of deficiency. Thus, we must decide whether or not petitioner timely filed his return and remitted the shown tax. *463 FINDINGS OF FACT Some of the fact have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Petitioner Robert A. Spanner, a calendar-year taxpayer, was a resident of Los Altos Hills, California, at the the time he filed his petition. On August 13, 1984, petitioner filed his 1983 Federal tax return (Form 1040) with the Fresno Service Center (hereinafter referred to as the Service Center). The return indicated a tax liability of $ 13,039, but was subsequently reduced to $ 12,994 by the Service Center to account for a mathematical error. The return listed as payments: withholdings of $ 1,811; 1983 estimated tax payments and amount applied from 1982 return totalling $ 5,189; and amount owed of $ 6,039, which was remitted with the return. No amount was reflected as having been paid with form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return. Respondent's records of petitioner's 1983 tax year do not reflect estimated tax payments, the application of a 1982 overpayment, or a request for an extension of time to file the Federal tax return. On September 17, 1984, the Service Center *464 finished processing petitioner's 1983 return, assessed the $ 12,994 tax declared on the return, and notified petitioner that he owed the following: an additional $ 5,144 for unpaid tax; $ 469.35 for interest; and $ 2,944.65 in additions to tax, including $ 2,236.60 which represented a failure to file addition under section 6651(a)(1) and $ 51.44 which represented a failure to timely pay addition under section 6651(a)(2). The section 6651(a)(1) addition was computed under section 6651(b)(1) at 20 percent of the $ 11,183 net tax due on April 15, 1984; i.e., $ 12,994 tax due less $ 1,811 in withholding. On October 2, 1984, petitioner wrote to the Service Center that the September 17, 1984, "computation fails to take into account my payment of $ 5,189 made contemporaneous with the filing of my tax return on August 15, 1984." He suggested that the Service Center investigate the loss of his check. On December 11, 1984, the Service Center notified petitioner that his alleged $ 5,189 check could not be found and that there was no record of its having been received. The Service Center advised petitioner to consider forwarding a photocopy of the cancelled check, or if the check had not *465 been paid, to consider stopping payment and forwarding a new check. On January 4, 1985, the Service Center sent petitioner a second notice of tax due showing the September 17, 1984, balance of $ 8,558 plus an additional late payment addition to tax and interest, for a total amount due of $ 8,931.53. On January 14, 1985, petitioner replied to the Service Center and requested that, because the additions to tax and interest were attributable to the Service Center's loss of the check, these amounts should be abated. A second letter to the same effect was sent by petitioner on March 19, 1985. Petitioner did not assert in any of his correspondence to the Service Center that he remitted the "lost check" in connection with the filing of a Form 4868. Moreover, petitioner has no registered or certified receipt from the United States Postal Service with regard to the mailing of a Form 4868. Within a week of his March 19, 1985, letter, petitioner remitted $ 9,161.32 toward the payment of the 1983 deficiency, additions and interest. Additional interest of $ 96.53 was subsequently remitted to reduce petitioner's account balance to zero and conclude the first phase of the 1983 controversy. *466 Phase two of petitioner's 1983 tax-year controversy commenced with the December 6, 1985, mailing of a statutory notice of deficiency wherein respondent increased petitioner's interest income by $ 322 and self-employment tax by $ 1,623.78. Consistent with his assertion that the 1983 return was filed approximately four months late, respondent also imposed a $ 356.35 failure to file addition to tax under section 6651(a)(1) (20 percent of the $ 1,781.78 determined deficiency). In an oral amendment to his petition, petitioner challenged the correctness of the failure to pay and failure to file additions to tax imposed by respondent and claimed an overpayment for the amounts alleged to have been erroneously paid. OPINION The issue for decision is whether respondent's imposition of the section 6651(a)(1) and section 6651(a)(2) additions to tax was proper. Petitioner contends that on April 15, 1984, he mailed to the IRS a Form 4868 and check in the amount of $ 5,189, which had the effect of extending the filing date for his 1983 tax return to August 15, 1984. Petitioner therefore maintains that his return was timely filed on August 13, 1984, and that the section 6651(a)(1) additions *467 to tax were incorrectly imposed. Conversely, respondent contends that petitioner failed to prove that a Form 4868 was timely filed and any amount paid therewith. Therefore, respondent's position is that the 1983 return was delinquent by approximately four months, and because petitioner failed to show reasonable cause for this delinquency, the section 6651(a)(1) and section 6651(a)(2) additions to tax were appropriately imposed. The burden of proving that a timely filed Form 4868 extended the 1983 return due date or that the delinquency was for reasonable cause rests with petitioner. Rule 142(a). After reviewing the record before us, we are not convinced that petitioner mailed a Form 4868 with a payment of $ 5,189 on or before April 15, 1984, or that the four-month delinquency in filing was for reasonable cause. Accordingly, we agree with respondent that the section 6651(a)(1) and section 6651(a)(2) additions were properly imposed. Section 6081(a) authorizes the Commissioner to grant reasonable extensions of time for the filing of tax returns. Pursuant to this authority, section 1.6081-4, Income Tax Regs., was promulgated to prescribe the exclusive procedure by which a calendar-year *468 individual taxpayer could obtain an automatic extension of time within which to file his income tax return. This procedure requires that the application for extension must be made upon a properly prepared Form 4868; must be accompanied by remittance of the full amount of the estimated unpaid tax liability; and must be filed on or before the date prescribed for the filing of the return of the individual with the internal revenue officer with whom the return is required to be filed. Section 1.6081-4(a), Income Tax Regs. The regulation does not, however, describe what the act of filing entails. Nonetheless, the Supreme Court has held that filing "is not complete until the document is delivered and received." United States v. Lombardo,241 U.S. 73, 76 (1916). Thus, a Form 4868 cannot be properly filed until it is delivered and received at the appropriate Internal Revenue Service location. The prevalent use of the mail system to deliver documents to the Internal Revenue Service often causes taxpayers to transfer physical control of the document to be filed. Absent physical control, it is difficult for the taxpayer to assure that the physical delivery necessary for *469 a valid filing takes place. The physical delivery rule may lead to a harsh result if delivery is not recorded following the mailing of a document. In Mitchell Offset Plate Service, Inc. v. Commissioner,53 T.C. 235, 2440 (1969), we held that testimony of mailing "gives rise to a 'strong presumption of delivery.'" Similarly, section 7502 eases the burden of the filing limitation by defining situations in which timely mailing will satisfy the timely filing requirement. Shipley v. Commissioner,572 F.2d 212, 213 (9th Cir. 19977), affg. a Memorandum Opinion of this Court. Specifically, subsection 7502(c)(1), (c)(2) and section 301.7502-1(c)(1)(iii)(b)(2), Proced. & Admin. Regs., provide that the sending of a document by United States registered or certified mail shall be prima facie evidence that the document was delivered to the addressee as of the registration date or date appearing on the sender's certified receipt. Thus, under both Mitchell Offset and section 7502(c), evidence of mailing must be presented before an exception to the physical delivery requirement of filing will apply. Petitioner presented no registered or certified mail receipt *470 and failed to pursuasively testify that a Form 4868 was mailed on or before April 15, 1984. Therefore, petitioner is not entitled to either a presumption nor has he established by prima facie evidence that delivery of the Form 4868 took place, and we so hold. As a consequence of our holding that no mailing of the Form 4868 took place, we need not address respondent's argument that section 7502 provides the exclusive exception to the physical delivery rule. See Miller v. United States,784 F.2d 728 (6th Cir. 1986); Deutsch v. Commissioner,599 F.2d 44 (2d Circ. 1979), cert. denied 444 U.S. 1015 (1980). In Mitchell Offset, the accountant of the taxpayer testified that he had prepared the documents (subchapter S election and shareholder consent form), had them signed, placed them in a properly addressed, stamped envelope, and timely deposited them in the mail. This testimony was corroborated by the shareholder who signed the documents. Moreover, the preparation of additional consent forms approximately two months later, after stock was transferred to the children of the taxpayer's sole shareholder, was consistent with and corroborated *471 the testimony that the original documents were mailed. Accordingly, we held that the documents were mailed. Mitchell Offset,supra at 237. By contrast, while petitioner testified that he timely mailed a Form 4868 and $ 5,189 payment to the Service Center, he failed to present pursuasive evidence of conduct consistent with this testimony. Petitioner, for example: failed to note the $ 5,189 remittance on the proper line of the 1983 Form 1040; referred to the payment as having been mailed contemporaneously with the mailing of the return (as opposed to the Form 4868) in correspondence with the Service Center; and never communicated to the Service Center that the "lost check" was remitted with a Form 4868. Similarly, petitioner testified that although he noticed that his $ 5,189 check had not been presented for payment, he made no inquiry during the nearly five months preceding the Service Center's first notice. Moreover, petitioner presented no evidence that he acted upon the Service Center's December 11, 1984, suggestion that he stop payment on the lost check and forward a new one. Neither did he produce the check stub relating to the lost check. These factors *472 and the record as a whole cast serious doubt on whether a check and Form 4868 were, in fact, mailed. We conclude that they were not. Since petitioner did not present any alternative reason for filing his return late, the delinquent filing was not for reasonable cause, and respondent's imposition of section 6651(a)(1) additions to tax was proper. Likewise, because petitioner failed to timely remit the entire amount of tax shown on his return, respondent's imposition of the section 6651(a)(2) addition was proper. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩