MARK FABIAN AND DONNA LONGAZEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fabian v. Commissioner
Docket No. 7354-93
United States Tax Court
T.C. Memo 1994-487; 1994 Tax Ct. Memo LEXIS 499; 68 T.C.M. (CCH) 851; October 5, 1994, Filed *499 Decision will be entered for respondent. Mark Fabian Longazel, pro se. For respondent: Donza M. Poole. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies and additions to petitioners' Federal income taxes as follows: Additions to Tax
Sec.
Sec. Sec. Sec. Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1985
$ 2,664
$ 666
$ 133
[1]
$ 153
1986
4,383
-- 219
[2]
--
After concessions by petitioners, [2] the issues remaining for decision are: (1) Whether petitioners, for the years 1985 and 1986, are entitled *500 to deductions under section 162(a) for trade or business expenses for travel and entertainment in excess of amounts allowed by respondent; (2) whether, for the year 1986, petitioners over reported gross income from their trade or business activity; (3) whether petitioners are liable for the additions to tax; and (4) if petitioners are decreed liable for the deficiencies and additions to tax, whether such liabilities are affected by petitioners' discharge in bankruptcy. Petitioners, husband and wife, were legal residents of Euclid, Ohio, at the time they filed their petition. Mark Fabian Longazel (petitioner), during the years in question, *501 was engaged in the trade or business of recruiting engineering personnel for manufacturers in the plastics industry in Ohio and several other States. The business was operated by petitioners and their employed secretarial help. They began this business in 1980. The nature of petitioner's business, which he referred to as being a "head hunter", required that he travel considerably to interview recruits and to visit manufacturers. Additionally, petitioner attended numerous trade shows and conventions. On Schedule C of their Federal income tax returns for 1985 and 1986, petitioners claimed deductions for the following expenses, which respondent adjusted in the notice of deficiency, as indicated: 1985
1986
Car & truck expenses
$ 9,108
$ 15,070.01
Amount allowed by respondent
6,145
8,892.01
Amount disallowed
$ 2,963
$  6,178.00
Travel & entertainment [3]
--
$ 11,169.27
Amount allowed by respondent
--
3,869.27
Amount disallowed
$  7,300.00
*502 Respondent disallowed the amounts shown for lack of substantiation. The determinations of respondent in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Such deductions include traveling expenses incurred while away from home in the pursuit of a trade or business, including amounts expended for meals and lodging to the extent such amounts are not lavish or extravagant under the circumstances. Sec. 162(a)(2). However, in the case of traveling expenses incurred while away from home and entertainment expenses, section 274(d) provides particular requirements for the deductibility of such items. Section 274(d) provides generally that no deduction shall be allowed for any traveling expense incurred while away from home or for any item with respect to an activity that is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer *503 substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, or recreation, (C) the business purpose of the expense, and (D) the business relationship to the taxpayer of the persons entertained. Under the regulations, to meet the "adequate records" requirement of section 274(d), a taxpayer "shall maintain an account book, diary, statement of expense or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5(c)(2)(i), Income Tax Regs. (Emphasis added.) The elements to be proven with respect to each traveling expense are the amount, time, place, and business purpose of the travel. Sec. 1.274-5(b)(2), Income Tax Regs. Similarly, the elements to be proven with respect to entertainment expenses are the amount, time, place, business purpose, and the business relationship of the person or persons entertained. Sec. 1.274-5(b)(3), Income Tax Regs. The substantiation requirements of section 274(d) are designed to encourage taxpayers to *504 maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted. Sec. 1.274-5(c)(1), Income Tax Regs.
With respect to petitioner's car and truck expenses, [4] petitioner maintained two types of records. One was a calendar on which he recorded the places he visited. The other was a log that contained essentially the same information. However, there were admittedly some irreconcilable differences between the two records. Petitioner argued that, if he could have been allowed an additional 6 weeks, he could have assembled enough corroborating documentation to satisfy the requirements of section 274(d). Petitioner complained that he was only advised by counsel for respondent the week before trial of the documentation he needed. From the records petitioner had at trial, he was unable to show those records that supported the portion of his expenses allowed by respondent, and those records that purportedly supported the amounts disallowed. *505 With respect to the entertainment expenses at issue for 1986, petitioner's records essentially consisted of credit card receipts that exceeded the amounts claimed on the 1986 return. However, petitioner had no further documentation that would satisfy the requirements of section 1.274-5(b)(3), Income Tax Regs. Again, petitioner argued that, with sufficient time, he could produce the necessary documentation. The Court rejects petitioner's contention that the reason he did not have his necessary documentation at trial was because counsel for respondent advised him of the need for such documentation the week before trial. Petitioners bear the burden of proof, and it is their responsibility, not respondent's, to present at trial whatever evidence is necessary to sustain their burden. On this record, petitioners' evidence does not satisfy the substantiation requirements of section 274(d) for their traveling and entertainment expenses to the extent the expenses exceed the amounts allowed by respondent in the notice of deficiency. Section 1.274-5(c)(1), Income Tax Regs., provides that: Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as *506 will constitute clear proof of an expenditure for travel, entertainment, or gifts referred to in section 274. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. * * *
Petitioner's records were not prepared at or near the time of his expenditures, and there obviously was a lack of accurate recall of the necessary information to make those records clear and accurate. Petitioner's records, therefore, are not the type of records contemplated by section 274(d) and the regulations. Respondent, therefore, is sustained on this issue. On Schedule C of their 1986 income tax return, petitioners reported gross receipts from their personnel business of $ 81,174.04. On the line for cost of goods sold, petitioners entered the figure $ 12,500 and made marginal notations indicating that the $ 12,500 was a loan by petitioners to their "business". However, petitioners did not deduct the $ 12,500 from their gross receipts. The net profit figure on Schedule *507 C is $ 18,882 and, likewise, does not reflect a deduction of the $ 12,500. Petitioners contend, therefore, that they overreported their gross income and net profit by the amount of $ 12,500. During the audit of petitioners' 1985 and 1986 returns, petitioners called this matter to the attention of the examining agent. In his report, the examining agent declined to reduce petitioners' gross receipts by the $ 12,500 claimed by petitioners. Similarly, respondent's administrative Appeals Office made no changes to the examining agent's report. In the notice of deficiency, respondent made no adjustments to reflect a reduction of petitioners' gross receipts or of the net profit they reported from their trade or business activity. At trial, petitioner testified that the $ 12,500 came from various nontaxable sources, all of which were in cash. Some of the money came from motorcycles and cars that he sold, and other amounts came from gifts or donations made periodically by Mrs. Longazel's parents. In addition, petitioner testified that he had borrowed money on real estate between 1984 and 1986. The total amount from all these sources well exceeded the $ 12,500 shown on petitioners' *508 return. Petitioners presented no credible documentary evidence to support their contentions. Petitioner's testimony was very general and unconvincing. If, for example, some of the moneys came from the sales of assets, those sales were not reported on petitioners' tax returns for either 1985 or 1986. On this record, the Court holds that petitioners have not sustained their burden of proving that they overreported their business income by $ 12,500 for 1986. Respondent determined the addition to tax under section 6651(a)(1) for the late filing of petitioners' 1985 income tax return. Respondent based this determination on the fact that there was no record of petitioners having filed a return for 1985. When petitioners' 1985 and 1986 tax years were examined, petitioners provided the examining agent with a copy of their 1985 return, which the agent then filed with the appropriate office of the Internal Revenue Service. The addition to tax under section 6651(a)(1) is imposed where there is a failure to timely file a tax return, unless it is shown that the failure to timely file is due to reasonable cause and not due to willful neglect. The taxpayer bears the burden of proving that *509 respondent's determination is in error. Funk v. Commissioner, 687 F.2d 264, 266 (8th Cir. 1982), affg. T.C. Memo. 1981-506; Ehrlich v. Commissioner, 31 T.C. 536, 540 (1958). Petitioners did not offer any direct evidence of filing their 1985 tax return. Petitioner contends that the return was mailed on a date reasonably consistent with the date the return was signed, which was February 1, 1986, and that the first information he had that their 1985 return had never been filed was when petitioners' 1985 and 1986 tax years were examined during 1988. When a taxpayer cannot provide any documentary evidence of the filing of a tax return, and respondent's records do not show receipt of a return, this Court has, in certain circumstances, accepted the credible testimony of witnesses to the preparation and mailing of the document. See Estate of Wood v. Commissioner, 92 T.C. 793, 796, 798 (1989), affd. 909 F.2d 1155 (8th Cir. 1990) (testimony of postmistress who affixed postmark); Mitchell Offset Plate Service, Inc. v. Commissioner, 53 T.C. 235, 239-240 (1969) *510 (testimony of corporation's shareholders and its accountants). In this case, petitioner's testimony falls short of satisfying this burden. Petitioners offered no evidence corroborating the mailing or receipt of their 1985 tax return. Proof of mailing requires some proof that the return was placed in an envelope, properly addressed, stamped, and placed in the mail. Petitioner did not testify to any of these specific actions. Testimony about petitioner's likely actions, or his habits regarding mailing returns, is not sufficient. In any event, the Court of Appeals for the Sixth Circuit, to which this case is appealable, has rejected the presumption that a properly mailed document will be delivered to the addressee and has held that section 7502 creates the only exceptions to the physical delivery rule. See Miller v. United States, 784 F.2d 728 (6th Cir. 1986); Surowka v. United States, 909 F.2d 148 (6th Cir. 1990); Hiner v. Commissioner, T.C. Memo. 1993-608; see also Carroll v. Commissioner, T.C. Memo. 1994-229. Petitioners do not contend, and the evidence *511 in the record does not suggest, that there was reasonable cause for failing to timely file their 1985 tax return. The Court concludes that petitioners have not sustained their burden of proving that their 1985 tax return was timely filed. The Court recognizes that this result may seem unfair to petitioners. However, this Court, in Hiner v. Commissioner, supra, noted that Congress has provided, in section 7502(c), that mailing by certified or registered mail creates prima facie evidence of the date of mailing and the fact of delivery. By choosing to not use certified or registered mail, petitioners assumed the risk that their tax return would not be timely delivered to respondent, and that petitioners might be unable to prove the date, or even the fact, of mailing. The Court, therefore, sustains respondent on this issue. Respondent determined petitioners were liable for additions to tax under section 6653(a)(1)(A) and (B) for 1985 and 1986. Section 6653(a)(1)(A) provides that, if any part of an underpayment of income tax is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to *512 5 percent of the underpayment. Section 6653(a)(1)(B) provides for an additional amount equal to 50 percent of the underpayment attributable to negligence or intentional disregard of rules or regulations. Negligence is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person would do under like circumstances. Neely v. Commissioner, 85 T.C. 934 (1985). Petitioners claimed deductions for expenses that they were unable to substantiate because they failed to maintain adequate records of such expenses as required by section 274(d). Their failure to maintain proper records constitutes negligence or intentional disregard of rules or regulations. Respondent, therefore, is sustained on these additions to tax. Respondent determined that petitioners were liable for the addition to tax under section 6654(a) for 1985 for failure to pay estimated tax. This addition to tax is applicable where there is an underpayment of estimated tax, subject to exceptions or waivers that are not applicable here. Sec. 6654(e). In general, estimated income tax payments are used to provide for payment of income taxes not collected through *513 withholding. Section 6654(c) provides for four quarterly installments. Income taxes withheld from salaries or wages apply toward the amount of each required quarterly installment; however, to the extent withholdings do not satisfy the required quarterly installments, the taxpayer is required to make supplemental quarterly payments of estimated taxes. Sec. 6654(f). Under section 6654(d), the amount of the four quarterly installments (including taxes withheld) generally must equal 80 percent of the tax for the year, or 100 percent of the tax for the preceding taxable year, whichever is less. [5] Where there is an underpayment of estimated tax, there is no exonerating provision, such as reasonable cause or lack of willful neglect. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). In this case, no taxes were withheld, nor were any estimated payments made by petitioners for their 1985 taxes. The addition to tax under section 6654(a), therefore, is sustained. *514 On March 16, 1990, petitioners filed a petition for bankruptcy in the U.S. Bankruptcy Court for the Northern District of Ohio. The petition was initially filed for a reorganization under chapter 11 of the Bankruptcy Code, 11 U.S.C. sections 1101 through 1174 (1988). Thereafter, the proceedings were converted to a liquidation proceeding under chapter 7 of the Bankruptcy Code, 11 U.S.C. sections 701-1140 (1988). On August 10, 1990, petitioners were discharged by the Bankruptcy Court, releasing them from all dischargeable debts. Petitioners contend that, because their 1985 and 1986 tax liabilities were listed in their bankruptcy proceeding, and since they have been discharged in bankruptcy, they are not liable for the deficiencies and additions to tax for these 2 years. This Court has no jurisdiction to determine whether a taxpayer's tax liabilities have been discharged in a bankruptcy proceeding. Such a determination is a jurisdictional matter of the Bankruptcy Court, not of this Court. Neilson v. Commissioner, 94 T.C. 1 (1990). In Neilson v. Commissioner, supra at 9, *515 this Court held that the redetermination of a deficiency, over which this Court has jurisdiction, has nothing to do with collection of the tax, nor any similarity to an action for collection of a debt, nor does it involve any other rights and remedies of the sort traditionally enforced in an action at law, citing Swanson v. Commissioner, 65 T.C. 1180, 1184 (1976). This Court, therefore, cannot consider whether petitioners' tax liabilities for 1985 and 1986 have been discharged as a result of their bankruptcy. That determination rests with the Bankruptcy Court. Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest on an underpayment of $ 1,115.↩
2. 50 percent of the interest on an underpayment of $ 4,214.↩
2. The following adjustments in the notice of deficiency were conceded by petitioners: ↩
1985
1986
Employee benefit program
$ 2,355 $ 2,249 Insurance
964 1,557 Office expenses
41 (279)
Commissions
197 (221)
Rental expense
-- (381)
Travel & entertainment
3,492 -- Charitable contributions
227 585 Casualty loss
-- 580 Medical & dental
(1,855)
(109)
3. The travel and entertainment expenses claimed for 1985 are not shown because petitioners conceded the amount disallowed by respondent. See supra↩ note 2.
4. Although the $ 9,108 and $ 15,070.01 claimed, respectively, for 1985 and 1986 were identified on the returns as "Car and Truck" expenses, petitioner agreed at trial that these expenses were all incurred while away from home where sleep or rest was required, as distinguished from local transportation expenses. Consequently, the "Car and Truck" expenses are treated as traveling expenses incurred while away from home and, thus, are subject to the substantiation requirements of sec. 274(d). United States v. Correll, 389 U.S. 299↩ (1967).
5. For tax years beginning after Dec. 31, 1986, sec. 6654(d) has been amended by sec. 1541(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2751, to provide that the required annual payment is 90 percent instead of 80 percent.↩