T.C. Memo. 1999-428


UNITED STATES TAX COURT


JAMES C. WEACHOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8867-98.                    Filed December 30, 1999.


James C. Weachock, pro se.

<u>Diane L. Worland</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


ARMEN, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1993 in the amount of $2,695, as well as additions to tax under: (1) Section 6651(a)(1) for failure to file a timely return in the amount of $602; and (2) section 6654(a) for failure to pay

estimated tax in the amount of $100.[1]  After concessions by the parties, the issue for decision is whether petitioner is liable for the addition to tax for failure to file a timely return.  We hold that he is.

### FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Fort Wayne, Indiana, at the time that his petition was filed with the Court.

Respondent initiated an audit of petitioner's 1993 taxable year in 1995 after determining that petitioner had failed to file a Federal income tax return for 1993.  On April 9, 1996, petitioner mailed respondent a purported copy of his 1993 return bearing an original signature dated April 12, 1994.  Petitioner's 1993 return was received and filed by respondent on April 12, 1996.  On that return, petitioner claimed a refund in the amount of $286.  Petitioner did not receive a refund check from respondent for 1993, nor did he ever contact respondent to inquire about such refund.

By notice of deficiency respondent determined, inter alia, that petitioner had failed to file timely a return for the year

---

[1]  All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All amounts are rounded to the nearest dollar.

in issue and is therefore liable for an addition to tax under section 6651(a)(1) for failure to file timely a return.

OPINION

Section 6651(a)(1) provides for a 5-percent-per month addition to tax, not to exceed 25 percent, if a taxpayer fails to file timely a Federal income tax return, unless such failure is due to reasonable cause and not due to willful neglect. The taxpayer has the burden of proving that the Commissioner's determination of the addition to tax is erroneous. See BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976); Bebb v. Commissioner, 36 T.C. 170 (1961); cf. sec. 7491, effective for court proceedings arising in connection with examinations commencing after July 22, 1998.

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file timely his 1993 return. Petitioner testified at trial that he mailed his return to respondent timely as he did every year on, or a few days prior to, April 15. He contends that the first information he had that his 1993 return had not been received and filed was when his 1993 tax year was audited in 1995. He contends that he thereafter mailed respondent a copy of his 1993 return that he had maintained for his records. Petitioner offered nothing more than his own testimony in support of his contention that he timely filed his 1993 return.

When the Commissioner's records do not show receipt of a return and the taxpayer cannot provide any documentary evidence of the filing of a tax return, this Court may under certain circumstances, accept the credible testimony of witnesses regarding the preparation and mailing of the document. See Estate of Wood v. Commissioner, 92 T.C. 793, 796-798 (1989) (testimony of postal employee who affixed postmark), affd. 909 F.2d 1155 (8th Cir. 1990); Mitchell Offset Plate Serv., Inc. v. Commissioner, 53 T.C. 235, 239-240 (1969) (testimony of corporation's shareholders and its accountants). However, petitioner's testimony regarding his likely actions, or habit regarding mailing returns, is not sufficient. See Longazel v. Commissioner, T.C. Memo. 1994-487; Duralia v. Commissioner, T.C. Memo. 1994-269.

In this case, petitioner's testimony does not establish that he properly mailed his 1993 return by placing the return in an envelope, properly addressing the envelope, stamping it, and placing it in the mail. See Longazel v. Commissioner, supra. In fact, petitioner's contention that he filed his return timely is belied by his failure to explain adequately why he did not contact respondent with respect to the refund he claimed on his allegedly timely filed 1993 return.

Having failed to establish a timely filing, petitioner is liable for the addition to tax under section 6651(a)(1) for 1993.

To reflect our disposition of the disputed issue, as well as the parties' concessions,

Decision will be entered under Rule 155.