T.C. Memo. 2012-261

UNITED STATES TAX COURT

ANTHONY TESORIERO, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18959-10.                    Filed September 11, 2012.

      R determined a tax deficiency, an accuracy-related penalty
pursuant to I.R.C. sec. 6662(a) and an addition to tax pursuant to
I.R.C. sec. 6651(a)(1) for P's 2004 tax year. The deficiency stems
from R's disallowance of certain deductions taken by a wholly owned
S corporation, thus increasing P's flowthrough income, and from R's
determination that P received other income. The parties stipulated P's
tax deficiency and the accuracy-related penalty, leaving only the
I.R.C. sec. 6651(a)(1) addition to tax in dispute.

      <u>Held</u>: P is liable for the I.R.C. sec. 6651(a)(1) addition to tax.

<u>Steven Aaron Horowitz</u>, for petitioner.

<u>Marco Franco</u>, <u>Brian J. Bilheimer</u>, and <u>Lydia A. Branche</u> for respondent.

**[\*2]**        MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for

redetermination of an income tax deficiency, a section 6662(a) accuracy-related

penalty, and an addition to tax under section 6651(a)(1) for failure to timely file a

Federal income tax return that respondent determined for the 2004 taxable year.[1]

After concessions,[2] the sole remaining issue before the Court is whether petitioner is

liable for a section 6651(a)(1) addition to tax for failure to timely file his 2004

Federal income tax return.

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulation of facts with

accompanying exhibits and the stipulation of settled issues are incorporated herein

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as amended and in effect for the taxable year at issue.  The Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In the notice of deficiency dated May 28, 2010, respondent determined a $295,279 deficiency, a $65,524.75 addition to tax under sec. 6651(a)(1), and a $59,055.80 accuracy-related penalty under sec. 6662(a).  Respondent based his determination on a $129,401 increase in flowthrough income from petitioner's S corporation and a $705,515 increase in other income.  On September 14, 2011, the parties submitted to the Court a stipulation of settled issues.  Per this stipulation, the parties agreed that the increase in flowthrough income should be $127,192, that the increase in other income should be $697,129, and that the sec. 6662(a) penalty applies only to the increase in flowthrough income.

[*3] by this reference. At the time the petition was filed, petitioner resided in New York.

Jack M. Portney and his certified public accounting firm, Portney & Co. (firm), prepared petitioner's 2004 return. The firm generally employed around 15 accountants and 3 support staffers. Mr. Portney is a certified public accountant, has practiced as such since 1966, and has handled petitioner's tax matters for about 26 years. Mr. Portney's firm prepares roughly 1,000 tax returns per year. Of those returns, 400 to 450 are filed on extension using Forms 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return.

Mr. Portney's practice was to file a Form 4868 for petitioner every year. Petitioner filed his 2003 return after obtaining an automatic extension. In 2005 Mr. Portney's firm prepared a single Form 4868 for both petitioner and Eleanor Tesoriero with respect to their 2004 returns.[3] The Form 4868 showed an estimated tax liability of $69,992, which Mr. Portney arrived at solely by looking at the amount of petitioner's 2004 estimated tax payments. Mr. Portney never asked petitioner what he believed his 2004 income tax liability would be. Because Mr. Portney had not yet received petitioner's Form W-2, Wage and Tax Statement, Mr.

---

[3]Petitioner's marriage to Ms. Tesoriero was dissolved by judicial decree on January 19, 2005. Mr. Portney was unaware that Ms. Tesoriero would be filing her 2004 Federal tax return separately and had chosen a different tax preparer.

**[*4]** Portney did not adjust the estimated tax liability for wage income and did not adjust the total 2004 payments for withholding credits. Nor did he adjust any entries to reflect Ms. Tesoriero's income despite the fact that he knew she was employed by petitioner's corporation.

After reviewing the Form 4868, Mr. Portney placed it on top of an envelope with other extension requests for other clients to be sent to the same Internal Revenue Service (IRS) service center. The accounting firm's usual custom and practice is that the secretary seals the envelope and affixes postage. Mr. Portney does not personally mail any of the extension requests, but he ensures that the secretary takes the mail downstairs to the mailbox. He does not actually see the mail placed in the mailbox. Mr. Portney's firm does not mail extension requests via certified or registered mail. It mails Forms 4868 by regular mail with postage paid using a postage meter and does not keep records of mailing or postage meter logs.

On August, 15, 2005, petitioner mailed his 2004 Federal income tax return, and respondent received that return on August 18, 2005. Respondent's records do not reflect the receipt of a Form 4868 for either petitioner or his former spouse. Thus, respondent determined that petitioner's 2004 return was not timely filed. On May 28, 2010, respondent mailed to petitioner a notice of deficiency for the

**[*5]** 2004 taxable year determining, among other items, an addition to tax for failure to timely file the 2004 return. Petitioner, on August 24, 2010, timely filed a petition for redetermination with this Court. A trial was held on September 14, 2011, in New York, New York.

OPINION

Respondent bears the burden of production with respect to the section 6651(a)(1) addition to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the addition to tax. See Higbee v. Commissioner, 116 T.C. at 446. The burden of establishing that the deficiency was due to reasonable cause rather than willful neglect remains with petitioner. See id. at 447; Davis v. Commissioner, 81 T.C. 806, 820 (1983), aff'd without published opinion, 767 F.2d 931 (9th Cir. 1985).

As a general rule, "any person made liable for any tax * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary." Sec. 6011(a). Returns for calendar year individual taxpayers are due on April 15 of the year following the tax year. Sec. 6072(a). If a taxpayer fails to file a return on time, section 6651(a)(1) imposes an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which

**[\*6]** there is a failure to file, not to exceed 25% in the aggregate. This penalty rate will be reduced by 0.5% for any month or fraction thereof that the section 6651(a)(2) addition to tax is also applied. See sec. 6651(c). The penalty will not apply if the taxpayer shows that the failure is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1).

The parties do not dispute that respondent received the return on August 18, 2005. Respondent produced records showing that the IRS did not receive an extension request. Thus, respondent has met his burden of production. Petitioner bears the burden of proving either timely filing or reasonable cause and lack of willful neglect. See Higbee v. Commissioner, 116 T.C. at 446.

While individuals generally must file their returns by April 15, a taxpayer with respect to a 2004 taxable year could at that time obtain an automatic four-month extension of time for filing until August 15. Sec. 1.6081-4(a), Income Tax Regs. The taxpayer was required to file an application on Form 4868 by the original deadline for filing the return and show an estimate of the full amount of tax for the year. Sec. 1.6081-4(a)(2), (3), and (4), Income Tax Regs. A filing "is not complete until the document is delivered and received." United States v. Lombardo, 241 U.S. 73, 76 (1916). "Thus, a Form 4868 cannot be properly filed until it is delivered and received at the appropriate Internal Revenue Service

**[*7]** location." <u>Spanner v. Commissioner</u>, T.C. Memo. 1988-435. IRS records reflect that it never received petitioner's Form 4868.

Section 7502(c) creates a presumption of delivery if the taxpayer sends the filing or other document via certified or registered mail. Such mailing methods, along with proof that the taxpayer properly addressed the mailing, provide prima facie evidence of delivery. Sec. 7502(c); sec. 301.7502-1(e)(2), Proced. & Admin. Regs. Mr. Portney's firm does not mail Forms 4868 via certified or registered mail, nor does it use an authorized private delivery service, <u>see</u> sec. 7502(f), so petitioner must look elsewhere to establish proof of delivery.

This Court has allowed taxpayers to prove delivery through other extrinsic evidence, such as testimony that they mailed the document. <u>Estate of Wood v. Commissioner</u>, 92 T.C. 793, 799 (1989), <u>aff'd</u>, 909 F.2d 1155 (8th Cir. 1990). In certain circumstances, therefore, taxpayers may prove delivery, thus filing, through testimony. But, as we have cautioned taxpayers in the past, when a return is not sent by registered or certified mail, it is the taxpayer, not the Government, that bears the risk of nondelivery. <u>Walden v. Commissioner</u>, 90 T.C. 947, 951 (1988).

In addition, because this case is appealable, absent stipulation to the contrary, to the Court of Appeals for the Second Circuit, we follow any decision of

**[\*8]** that court that is squarely on point.  <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971).  The Court of Appeals for the Second Circuit has held that section 7502 provides the sole exception to the requirement of physical delivery.[4]  <u>Deutsch v. Commissioner</u>, 599 F.2d 44, 46 (2d Cir. 1979).  Extrinsic evidence other than proof of mailing via registered or certified mail cannot help petitioner prove receipt by respondent.  <u>Id.</u>; <u>see also</u> <u>Washton v. United States</u>, 13 F.3d 49, 50 (2d Cir. 1993).

Mr. Portney testified at length as to his office's procedures for mailing forms to the IRS.  Although we do not doubt the veracity of Mr. Portney's testimony that his office followed established custom and practice, such testimony is irrelevant in a case appealable in the Second Circuit.  Mr. Portney did not mail the Form 4868 via certified or registered mail, nor did he use an authorized private delivery service.  Therefore, section 7502 does not create a presumption of delivery.  Because we cannot establish that respondent ever received the Form

---

[4]Respondent contends for the first time in his posttrial reply brief that sec. 301.7502-1(e)(2), Proced. & Admin. Regs, promulgated in 2011 and effective September 21 2004, controls.  <u>See</u> 76 Fed. Reg. 52561 (Aug. 23, 2011).  Because we are constrained by precedent of the Second Circuit that reaches the same conclusion, we need not address this argument.

**[\*9]** 4868, we cannot find that petitioner timely filed a valid extension request.[5] Because the purported Form 4868 was not valid, petitioner did not timely file his 2004 tax return.

We next address petitioner's argument that his failure to timely file was due to reasonable cause and not willful neglect. Reasonable cause may exist where a taxpayer is unable to file the return within the prescribed time despite exercising "ordinary business care and prudence." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" is "a conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). Reasonable cause generally exists

> as a result of factors beyond a taxpayer's power to control, for example (1) unavoidable postal delays; (2) timely filing of a return with the wrong IRS office; (3) death or serious illness of the taxpayer or a member of his immediate family; (4) taxpayer's unavoidable absence from the United States; (5) destruction by casualty of taxpayer's records or place of business; and (6) reliance on the erroneous advice of an IRS officer or employee.

McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547; see also Paschall v. Commissioner, 137 T.C. 8, 21 (2011).

---

[5]Thus, we need not reach respondent's alternative argument that the Form 4868 is void due to a failure to make a good-faith attempt to estimate petitioner's tax liability.

**[*10]**     Petitioner contends that he relied upon advice from his accountant that the return was not due until August 15, 2005, and that this reliance gives him reasonable cause. "When an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." Boyle, 469 U.S. at 251. Taxpayers may also rely on an adviser's statement that no return at all is due. See McMahan v. Commissioner, 114 F.3d at 369 ("reliance on a mistaken legal opinion of a competent tax adviser--a lawyer or accountant--that it was unnecessary to file a return constitutes reasonable cause"). But "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." Boyle, 469 U.S. at 252; see also Grossman v. Commissioner, T.C. Memo. 1986-439. Often, the outcome in cases such as this turns on whether the taxpayer relied on advice that no return was due or whether the taxpayer relied on the adviser to timely file the return. Grossman v. Commissioner, T.C. Memo. 1986-439. This case presents the latter issue as there is no doubt that petitioner was required to file a return and Mr. Portney did not advise petitioner otherwise.

Petitioner relied on Mr. Portney to timely file the request for an extension. We have observed that "[a]n agent's failure to file an extension request is

[*11] tantamount to an agent's failure to file a return." McMahan v. Commissioner, T.C. Memo. 1995-547. Thus, petitioner can no more rely on Mr. Portney to file the extension than to file the return. Furthermore, the Court of Appeals for the Second Circuit has held that reliance upon an adviser to file an extension request does not constitute reasonable cause. McMahan v. Commissioner, 114 F.3d at 369. Thus, petitioner's reliance upon Mr. Portney does not constitute reasonable cause.[6] Petitioner is liable for the section 6651(a)(1) addition to tax for failure to timely file a return.

The Court has considered all of petitioner's contentions, argument, requests, and statements. To the extent not discussed herein, we conclude that they are merit less, moot, or irrelevant.

To reflect the foregoing and concessions by the parties,

Decision will be entered

under Rule 155.

---

[6]Even if reliance on an adviser could constitute reasonable cause given these facts, petitioner did not produce evidence of such reliance. Petitioner never requested that Mr. Portney file an extension request. Nor did petitioner present evidence that he followed up with Mr. Portney to ensure that the extension request was filed. Mr. Portney did not call petitioner to inform him that an extension request had been filed.