T.C. Memo. 2013-206

UNITED STATES TAX COURT

MARK EDWARD KEARNEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5052-12.                    Filed August 29, 2013.

Mark Edward Kearney, pro se.

Kristin M. Bourland, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  Respondent determined deficiencies, additions to tax, and accuracy-related penalties with respect to petitioner as follows:

[*2]

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Accuracy-related Penalty Sec. 6662(a) |
|------|-----------|------------------------------|---------------------------------------|
| 2008 | $10,405 | $2,601.25 | $2,081.00 |
| 2009 | 7,393 | 1,848.25 | 1,478.60 |
| 2010 | 36,915 | 3,689.00 | 7,383.00 |

After concessions,[1] the only issue remaining for decision is whether petitioner is liable for the addition to tax under section 6651(a)(1)[2] for the taxable year 2010.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, the first supplemental stipulation of settled issues, and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Kentucky.

---

[1]The parties entered into a stipulation of settled issues, filed with the Court on February 4, 2013, for all of the issues reflected in the notice of deficiency, except whether petitioner was allowed a deduction for office expenses in excess of the amounts already allowed by respondent for the taxable years 2008 and 2009 and whether petitioner is liable for the sec. 6651(a)(1) addition to tax for the taxable year 2010. The parties entered into the first supplemental stipulation of settled issues, filed with the Court on March 19, 2013, resolving the issues of petitioner's entitlement to deductions for office expenses for the taxable years 2008 and 2009.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**  Petitioner filed his Federal income tax return for the taxable year 2010 on May 20, 2011.  The return showed a refund due of $25.  Respondent did not receive a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, from petitioner for the taxable year 2010.

On November 29, 2011, respondent issued to petitioner a notice of deficiency for the taxable years 2008, 2009, and 2010.  Petitioner timely filed a petition disputing the determinations in the notice of deficiency.

OPINION

Respondent has the burden of production with respect to the section 6651(a)(1) addition to tax.  See sec. 7491(c).  To meet this burden, respondent must produce evidence showing that the addition to tax is appropriate.  See id.; Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once respondent satisfies this burden, petitioner has the burden of proof with respect to exculpatory factors such as reasonable cause.  See Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction

[*4] thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. Id.

Respondent produced records showing that petitioner did not timely file his 2010 Federal income tax return and that respondent did not receive a Form 4868 from petitioner. Therefore, respondent has met his burden of production. As a result, petitioner bears the burden of proving either timely filing or reasonable cause and lack of willful neglect. See Higbee v. Commissioner, 116 T.C. at 446.

An individual taxpayer is required to file a tax return on or before the 15th day of April following the close of the calendar year. Sec. 6072(a). For the 2010 taxable year, the Commissioner extended the filing deadline for tax returns to April 18, 2011, because in 2011, Emancipation Day, a holiday observed in the District of Columbia, fell on Friday, April 15. See I.R.S. News Release IR-2011-01 (Jan. 4, 2011).

Section 1.6081-4, Income Tax Regs., provides that a taxpayer can obtain an automatic six-month extension of time for filing a return. To receive the extension a taxpayer must file an application on Form 4868 with the Internal Revenue Service office designated in the Form 4868 instructions by the original deadline for filing the return. Sec. 1.6081-4(b)(1), (2), and (3), Income Tax Regs. A filing "is not complete until the document is delivered and received." United States v.

**[*5]** Lombardo, 241 U.S. 73, 76 (1916); see Tesoriero v. Commissioner, T.C. Memo. 2012-261, at *6-*7.[3] "Thus, a Form 4868 cannot be properly filed until it is delivered and received at the appropriate Internal Revenue Service location." Spanner v. Commissioner, T.C. Memo. 1988-435, 1988 Tax Ct. Memo LEXIS 461, at *8.

Respondent produced records demonstrating that he did not receive a Form 4868 from petitioner. However, petitioner testified that he had filed a Form 4868 with respondent. There followed this colloquy:

> THE COURT: What evidence is there that you did file that request?
>
> [PETITIONER]: Prior years, habit.
>
> THE COURT: Prior years. So your testimony is you did it every year?
>
> [PETITIONER]: Every year, yeah. And I can't answer it, you know. There's no way, you know. I have no evidence to offer that I filed that year, except that I filed every year prior.

Petitioner did not provide a copy of the Form 4868 or a postal receipt, or any evidence besides his testimony, to prove that he mailed a Form 4868.

---

[3]This requirement is known as the physical delivery rule. See Miller v. United States, 784 F.2d 728, 730 (6th Cir. 1986).

**[*6]** This Court has allowed taxpayers to prove delivery through other extrinsic evidence, such as testimony that they mailed the document. See Estate of Wood v. Commissioner, 92 T.C. 793, 799-800 (1989), aff'd, 909 F.2d 1155 (8th Cir. 1990). However, proof of delivery "requires some proof that the return was placed in an envelope, properly addressed, stamped, and placed in the mail." Longazel v. Commissioner, T.C. Memo. 1994-487, 1994 Tax Ct. Memo LEXIS 499, at *12. Petitioner did not testify to any of these specific actions. Instead, petitioner's testimony concerned his habit of mailing Form 4868 in previous years. "Testimony about petitioner's likely actions, or his habits regarding mailing returns, is not sufficient" to prove delivery. Id.; see Weachock v. Commissioner, T.C. Memo. 1999-428, 1999 Tax Ct. Memo LEXIS 485, at *4-*5.

Furthermore, petitioner has a record of delinquent filings. Petitioner was granted an extension of time until October 15, 2009, to file his 2008 Federal income tax return. However, petitioner filed his 2008 Federal income tax return on February 22, 2010, four months after the extended filing date. Petitioner was granted an extension of time until October 15, 2010, to file his 2009 Federal income tax return. However, petitioner filed his 2009 Federal income tax return on June 17, 2011, eight months after the extended filing date. The parties

**[*7]** stipulated that petitioner is liable for the section 6651(a)(1) addition to tax for the taxable years 2008 and 2009.

Petitioner has not produced any evidence indicating that his failure to file a Federal income tax return for 2010 was due to reasonable cause. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) for the taxable year 2010.

To reflect the foregoing,

Decision will be entered under

Rule 155.